UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RITA BROWNLEE,

       *Plaintiff*,

v.

ALLSTATE INSURANCE COMPANY,

       *Defendant*.

_____/

**Case No. 1:21-cv-01428**

**DEFENDANT ALLSTATE INSURANCE
COMPANY'S MOTION TO DISMISS**

Defendant Allstate Insurance Company ("Allstate") moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), for entry of an order dismissing Plaintiff Rita Brownlee's ("Brownlee") Complaint [ECF No. 1].

## INTRODUCTION

Brownlee's Complaint alleges a single cause of action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") based on six telephone calls she claims she received between May 27, 2020 and July 25, 2020. Brownlee's Complaint should be dismissed in whole or in part for the following reasons:

- Five of the six calls occurred between November 2, 2015 and July 6, 2020. Following the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (July 6, 2020) ("*AAPC*"), the Court lacks subject matter jurisdiction over those calls.

- Of the six calls she allegedly received, Brownlee only identifies Allstate as the caller for three of them. A TCPA plaintiff must specifically allege that the defendant actually made the calls. Brownlee did not do so for three of the calls and fails to state a cause of action against Allstate with respect to those calls.

1

- To the extent that Brownlee's claim is based on violations of the "Internal Do-Not-Call List" regulations, such claim fails because she does not allege that Allstate called her more than seven days after she requested that Allstate cease communications. 47 C.F.R. § 64.1200(d)(3) allows a defendant a grace period within which to honor a do not call request, defined as a "reasonable time" not to exceed thirty days.

- Brownlee's claims for declaratory and injunctive relief should be dismissed because Brownlee's claims are compensable by monetary damages and Brownlee has not alleged ongoing violations by Allstate.

ARGUMENT

### A.   Following *AAPC*, the Court Lacks Subject Matter Jurisdiction Over Five of the Six Calls

In *AAPC*, the Supreme Court held that the TCPA could only be rendered constitutional by severing an unconstitutional provision—the government-debt exception—that had been in effect since November 2, 2015. Since *AAPC* was decided, several federal district courts have ruled that the Supreme Court's preservation of the TCPA by severing its unconstitutional provisions can only operate prospectively, *i.e.*, that the statute cannot be enforced against a defendant alleged to have violated the TCPA between the date that the unconstitutional provision was enacted on November 2, 2015 and July 6, 2020, the date of the *AAPC* decision, because a defendant's violation would have occurred when the statute was unconstitutional and thus void. Several district courts have found that this means that a court lacks subject matter jurisdiction over alleged TCPA violations occurring between November 2, 2015 and July 6, 2020.

Brownlee alleges that she received six unwanted calls between May 27, 2020 and July 25, 2020. ECF No. 1 at ¶¶21-26. Five of those alleged calls occurred prior to July 6, 2020, within the time period in which the TCPA was unconstitutional following *AAPC*. Applying the constitutional

2

analysis from several recent district court decisions, the Court lacks subject matter jurisdiction with respect to those five alleged calls and should dismiss Brownlee's claims relating to those calls.

## 1. After *AAPC* – District Courts Lack Jurisdiction For Alleged TCPA Violations in Unconstitutional Period

Following *AAPC*, district courts around the country have grappled with whether the consequence of the Supreme Court's decision was to render the TCPA unconstitutional and void during the November 2, 2015 through July 6, 2020 period, or whether a TCPA plaintiff may still seek recovery for calls received during that period. The first decision to address this issue was *Creasy v. Charter Communications, Inc.*, 489 F. Supp. 3d 499 (E.D. La. 2020), where the court found that "in the years in which §227(b)(1)(A)(iii) permitted robocalls of one category of content (government-debt collection) while prohibiting robocalls of all other categories of content, the entirety of the provision was, indeed, unconstitutional." Applying the "timeless principle that '[a]n unconstitutional law is void, and is as no law,'" the court found that it lacked subject matter jurisdiction with respect to all asserted TCPA violations alleged to have occurred prior to July 6, 2020, and dismissed plaintiff's claim related to those calls. *Id.* at 504, 511 (quoting *Ex Parte Siebold*, 100 U.S. 371, 376 (1879)).

The rationale in *Creasy* has been applied in other cases.[1] In *Lindenbaum v. Realgy, LLC*, 497 F. Supp. 3d 290 (N.D. Ohio 2020), the court found that, according to *AAPC*, "[t]he insertion of the government-debt exception restriction transformed this valid time, place, and manner restriction into an unconstitutional content-based restriction…." and dismissed the complaint "[b]ecause the statute at issue was unconstitutional at the time of the alleged violations" and the

---

[1] While Allstate is not aware of any decisions issued by district courts in the Seventh Circuit on this issue, Allstate is mindful that there have been decisions from other district courts disagreeing with the conclusion reached in *Creasy* and the other cases cited by Allstate. *See, e.g., Stoutt v. Travis Credit Union*, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021); *Rieker v. National Car Cure, LLC*, 2021 WL 210841 (N.D. Fla. Jan. 5, 2021).

court therefore lacked jurisdiction. Similarly, in *Cunningham v. Matrix Financial Services, LLC*, 2021 WL 1226618 (E.D. Tex. March 31, 2021), the court dismissed a TCPA complaint after conducting a lengthy analysis of *AAPC* and determined that "the necessary conclusion is that [the TCPA provision underlying the Complaint] was unconstitutional from the moment Congress enacted the government-debt exception…" and that the statutory offenses alleged during that time period were "not constitutionally sound…and therefore inoperative." *Id.* at *11.

### 2. The Court Lacks Subject Matter Jurisdiction Over Five of the Calls

If the Court agrees that the TCPA was unconstitutional between November 2, 2015 and July 6, 2020, it is without jurisdiction for calls alleged to have been made during that period. The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex Parte Siebold*, 100 U.S. 371, 377 (1880) ("An unconstitutional law is void, and is as no law."). Pursuant to Fed. R. Civ. P. 12(h)(3), "[if] the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because the TCPA was unconstitutional during the time period of five of the six alleged violations, the Court lacks subject matter jurisdiction over those alleged calls and Brownlee's claims with respect to those violations should be dismissed.

### B. The Court Should Dismiss Claims Based on the May 27, 2020 and July 25, 2020 Calls Because Brownlee Did not Allege that Allstate Made Those Calls

Brownlee alleges that she received six calls in violation of the TCPA. What Brownlee does not allege is that each call was made by Allstate. Instead, she identifies Allstate as the caller for only three of the six calls: the June 15, 2020, June 18, 2020, and June 22, 2020 calls. ECF No. 1 at ¶¶23-25. Brownlee's allegations as to the other three calls (the two May 27, 2020 calls and the July 25, 2020 call) do not identify the caller. Instead, she vaguely alleges that she received calls from unspecified callers with distinct phone numbers:

4

- ¶ 21: "…on May 27, 2020 Plaintiff received a call from caller ID 678-910-6597 to her cell phone ending in 4126 wanting to sell her automobile insurance for her car. …"

- ¶ 22: on "May 27, 2020, Plaintiff received a second call from caller ID 678-910-7677 to her cell phone ending in 4126 wanting to sell her automobile insurance. …"

- ¶ 26: "On July 25, 2020 Plaintiff received another call from caller ID 678-910-2776 to her cell phone ending in 4126 again seeking to sell Plaintiff insurance for her car. …"

In order to state a cause of action under the TCPA, a plaintiff must allege facts to support a violation as to each alleged call, and must specifically connect the defendant to each call. Brownlee failed to do so with regard to the May 27, 2020 and July 25, 2020 calls.

### 1.    A TCPA Plaintiff Must State a Cause of Action as to Each Alleged Call

Each separate call is a separate TCPA violation, for which a plaintiff must sufficiently allege facts to support a cause of action. *See Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, 2015 WL 7444409, at *2 (M.D. Fla. Nov. 20, 2015) (noting "[w]hile all the TCPA violations are lumped into two counts, each purported call amounts to an independent violation—capable of supporting an independent claim—and, therefore, must be individually analyzed….").

This is evident in the statutory language and cases interpreting the TCPA (including from the Seventh Circuit), which speak in terms of statutory damages of $500 for "each" violation. *See, e.g., Blow v. Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017) ("Violations of the TCPA may be redressed by a private right of action for damages…which consist of…$500 for each violation."); *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) (the "TCPA creates a private right of action under which a party can bring an action…to receive $500 in damages for each such violation… ."); *Emcasco Ins. Co. v. CE Design, Ltd*., 784 F.3d 1371, 1376 (10th Cir. 2015) (the "TCPA [] provides $500 in damages for each TCPA violation."); *Williams v. New Penn Fin., LLC,*

2019 WL 2526717, at *5–7 (M.D. Fla. May 8, 2019) (recounting that there were "nine separate calls" to a plaintiff and describing these calls as "nine separate TCPA violations."); *Ramos v. Hopele of Ft. Lauderdale, LLC*, 334 F. Supp. 3d 1262, 1266 (S.D. Fla. 2018) ("Each TCPA violation results in damages of no less than $500, which may be trebled for willful or knowing violations.").

### 2.     A TCPA Plaintiff Must Allege That the Defendant Made the Calls at Issue

While a TCPA plaintiff "is not required to plead specific details of every offending call…[a TCPA] Plaintiff must plead at least some facts relating to the calls, such as…facts from which the Court could conclude that the named defendant is liable for the misconduct alleged." *Cunningham v. Politi*, 2019 WL 2519702, at *6 (E.D. Tex. Apr. 26, 2019). A TCPA plaintiff fails to establish a TCPA claim when it "does not identify or allege that [a named Defendant] made [a] call to Plaintiff." *Id*. at *7; *see also Cunningham v. Prof'l Educ. Inst. Inc.*, 2018 WL 6709515 (E.D. Tex. Nov. 5, 2018) (recommending dismissal of complaint where "Plaintiff [did] not identify or allege that Defendant…made [a] call to Plaintiff.").

This position has been adopted by district courts around the country. *See, e.g., Hirsch v. Lyndon S. Ins. Co.*, 2019 WL 5110622, at *4–5 (M.D. Fla. June 7, 2019) (dismissing complaint because plaintiff did "not sufficiently allege that any Defendant(s) or non-party call center(s) actually made the calls at issue in [that] case."); *Zeitlin v. Palumbo*, 2021 WL 1256864, at *3 (E.D.N.Y. Apr. 6, 2021) (dismissing complaint because "Plaintiff offer[ed] virtually no information that would connect defendants to the calls he received."); *Worsham v. Discount Power, Inc.*, 2021 WL 50922, at *5 (D. Md. Jan. 6, 2021) (finding that plaintiff failed to state a claim when he did "not provide well-pleaded allegations that [the Defendant] actually initiated the calls to his telephone number.").

Because Brownlee did not specifically allege that Allstate made the May 27, 2020 and July 25, 2020 calls, she failed to sufficiently allege that Allstate violated the TCPA with respect to those calls.[2] The Court should dismiss her claim's as to the May 27, 2020 and July 25, 2020 calls.

### C. Based on *AAPC* and Brownlee's Failure to Allege that Allstate Made the July 25, 2020 Call, There Are No Actionable Violations Alleged

Allstate has additional arguments in favor of dismissal, set forth below, but notes at this point that if the Court accepts Allstate's two arguments raised above, Brownlee has no remaining actionable claim. In summary, as demonstrated by the following chart, all pre-July 6, 2020 calls are unactionable based on *AAPC*, and Brownlee did not allege that Allstate made the only post-July 6 call identified in the Complaint (on July 25, 2020).

| DATE OF ALLEGED CALL | PRE-AAPC | CALL NOT ALLEGED TO BE MADE BY ALLSTATE |
|---|:---:|:---:|
| May 27, 2020 | ✓ | ✓ |
| May 27, 2020 | ✓ | ✓ |
| June 15, 2020 | ✓ | |
| June 18, 2020 | ✓ | |
| June 22, 2020 | ✓ | |
| July 25, 2020 | | ✓ |

No further analysis is necessary for the Court to dismiss the Complaint in its entirety.

### D. The Court Should Dismiss Brownlee's Claim Because She Has Not Sufficiently Alleged an Internal Do-Not-Call Violation

Brownlee alleges that Allstate violated 47 C.F.R. § 64.1200(d) by, among other things, "calling [her] and others more than thirty (30) days after receiving a request to stop calling." ECF No. 1 at ¶46. This type of alleged violation is commonly referred to as an "Internal Do-Not-Call" claim. Brownlee only alleged that Allstate actually made calls to her on June 15, 2020, June 18,

---

[2] By contrast, with respect to the other three calls, Brownlee alleged that either "the caller made clear they were calling on behalf of Allstate" or that "she was …. transferred to an Allstate agent."  Complaint at ¶¶ 23-25.

2020, and June 22, 2020. *Id.* at ¶¶ 23-25. She alleges that during the June 15, 2020 call, she "advised the caller that she wasn't interested and to stop calling." *Id.* at ¶23. For purposes of this claim, June 15, 2020 is therefore the operative date for Brownlee's "stop" request to Allstate. And because Brownlee did not allege that Allstate made the July 25, 2020 call, the last call Allstate allegedly made to Brownlee by Allstate was on June 22, 2020.

Brownlee's Internal Do-Not-Call claim can therefore be summarized as follows: Allstate violated the TCPA by making phone calls to Brownlee three days (June 18, 2020) and seven days (June 22, 2020) after her June 15, 2020 stop request. The question for this Court is whether Brownlee sufficiently states a cause of action based on Allstate allegedly calling Brownlee three and seven days after her stop request.

47 C.F.R. § 64.1200(d)(3) is the applicable regulation. Pursuant to that regulation, "once a recipient makes a do-not-call request, the caller must honor it within a reasonable time, not exceeding thirty days, from the date such request is made." *Wolfkiel v. Intersections Insurance Services, Inc.*, 303 F.R.D. 287, 291 (N.D. Ill. 2014) (Zagel, J.) (paraphrasing 47 C.F.R. § 64.1200(d)(3)). Judge Zagel's decision in *Wolfkiel* is instructive. In *Wolfkiel*, a plaintiff alleged that she instructed the defendant to stop calling her on August 1, 2013, and that despite that stop request she received a call from the defendant on August 2, 2013. Judge Zagel analyzed 47 C.F.R. § 64.1200(d), noting that the regulation allows "for *some* grace period rather than require an immediate stop," and found that one day was a reasonable grace period. As a result, Judge Zagel determined that the do-not-call request was honored within a reasonable time and dismissed the complaint. 303 F.R.D. at 291-92.

As Judge Zagel noted in *Wolfkiel*, the grace period within which a caller may place calls to a recipient who made a stop request is not *per se* thirty days, and instead is a "reasonable time"

8

not to exceed thirty days. Here, although not as short as the one day period in *Wolfkiel*, the time period is nevertheless quite short – just seven days. That is a "reasonable time," well short of the thirty days contemplated by the regulation. Defendants have prevailed in other cases where calls were made more than seven days after a stop request, but within the thirty day period. *See, e.g., Simmons v. Charter Communications, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (finding, as a matter of law, that a claim based on 47 C.F.R. 64.1200(d) (e.g., an internal do-not call list claim) failed where last call at issue was made eleven days after stop request, "well before the 30-day limit," and where the plaintiff had not put forward any evidence that his request was not honored within thirty days); *Orsatti v. Quicken Loans, Inc.*, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (dismissing complaint for failure to state a claim where calls at issue occurred within 30 days of plaintiff's stop request).

The Court should follow the reasoning of these decisions and dismiss the Complaint for failure to state a cause of action.

### E. The Court Should Dismiss The Claims for Declaratory and Injunctive Relief

Brownlee also seeks permanent injunctive relief in the form of "[a]n order declaring that [Allstate's] actions…violate the TCPA" and "[a]n injunction requiring [Allstate] to cease all unsolicited calling activities to persons on the National DNC Registry who have requested Stop." ECF No. 1 at 15. The TCPA permits a plaintiff to seek to enjoin a violation of the statute only "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(b)(3).

Federal courts regularly restrict application of various provisions of the TCPA that are expressly subject to state law. *See, e.g., Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 743–44 (N.D. Ill. 2007) (applying Illinois law and finding that claims under the TCPA are assignable); *US Fax Law Ctr., Inc. v. Ihire, Inc.*, 476 F.3d 1112, 1118–20 (10th Cir. 2007)

(applying Colorado law based on identical language regarding application of substantive state law to claims under the TCPA, and holding that TCPA claims are not assignable under Colorado law).

So under the text of the statute, the analysis begins with Illinois law. In Illinois, "[i]t is a well-established rule that, if a party's injury can be adequately compensated through money damages, then it has an adequate remedy at law and does not need the extraordinary remedy of injunctive relief." *See, e.g., Lumbermen's Mut. Cas. Co. v. Sykes*, 890 N.E. 2d 1086, 1106 (Ill. App. Ct. 1st Dist. 2008) ("It is only when money is insufficient to compensate the injury, or when the injury cannot be properly quantified in terms of money, that injunctive relief is necessary."); *Behl v. Duffin*, 952 N.E.2d 1, 9 (Ill. App. Ct. 4th Dist. 2010) (finding that "Plaintiffs failed to state a claim for injunctive relief" because their "alleged retroactive harm . . . can be redressed by money damages."). The TCPA expressly provides for a minimum of $500 in damages per violation. 47 U.S.C. § 227(b)(3)(B). Accordingly, as a matter of Illinois law, Brownlee is not entitled to injunctive relief under the TCPA.

The same result follows if the Court looks to federal law. The Court should dismiss Brownlee's demands for injunctive and declaratory relief both pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing and Fed. R. Civ. P. 12(b)(6) for failure to sufficiently allege all of the required elements for declaratory and injunctive relief.

To begin, Brownlee has not alleged a "substantial likelihood" of future injury for herself (or any other class member) and therefore lacks Article III standing to seek prospective injunctive or declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 96, 104–05 (1983). As the Seventh Circuit made clear last year, for a plaintiff to obtain prospective injunctive relief, "the future harm 'must be both real and immediate, not conjectural or hypothetical.'" *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1064 (7th Cir. 2020) (quoting *Lyons*, 461 U.S. at 102, 103).

10

And, as Judge Kennelly stated last year, "[a] plaintiff seeking a forward-looking remedy like an injunction or a declaratory judgment has standing to sue for an alleged future injury only if the threatened injury is certainly impending or there is a substantial risk that the harm will occur." *Santiago v. City of Chicago*, 446 F. Supp. 3d 348, 364 (N.D. Ill. 2020).

The Supreme Court has held that a "plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief… [and] must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

A few years after *eBay*, which was a patent case, the Supreme Court made clear that the same test applies to other federal statutes. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 157 (2010) (stating that the *eBay* factors apply to permanent injunctions sought to remedy a National Environmental Policy Act violation). Indeed, over the last 15 years, the Seventh Circuit and other circuits have relied on the four-part conjunctive *eBay* test to review permanent injunctions with regard to a variety of federal statutes.[3] Specifically, the Seventh Circuit has applied the *eBay* test to hold that plaintiffs "cannot satisfy the basic requirements for an injunction"

---

[3] Just a few of the many federal statutes where federal circuit courts have cited the four part *eBay* test for *permanent* injunctions include the: Clean Air Act - 42 U.S.C. § 7604(a)(3) (*Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918 (7th Cir. 2008); Resource Conservation and Recovery Act - 42 U.S.C. § 6901, *et seq.*, (*LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933 (7th Cir. 2019); Anticybersquatting Consumer Protection Act - 15 U.S.C. § 1125(d) (*Jysk Bed'n Linen v. Dutta-Roy*, 810 F.3d 767 (11th Cir. 2015) and *S. Co. v. Dauben Inc.*, 324 F. App'x. 309 (5th Cir. 2009)); the Copyright Act - 17 U.S.C. § 501, *et seq.* (*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254 (11th Cir. 2014)); Lanham Act -15 U.S.C. § 1119 (*Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200 (11th Cir. 2008); Cable Communications Policy Act - 47 U.S.C. § 553(a)(1); (*CoxCom, Inc. v. Chaffee*, 536 F.3d 101 (1st Cir. 2008)); Tennessee Valley Authority Act - 16 U.S.C. § 831y-1 (*Tenn. Valley Auth. v. Jones*, 692 F. App'x. 224 (6th Cir. 2017); National Historic Preservation Act - 54 U.S.C. § 307101(e) (*Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803 (9th Cir. 2017).

11

when "[t]heir injury…is easily remedied by an award of money damages, a fully adequate remedy." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011).

The Eleventh Circuit is the only circuit court to directly address this issue in the TCPA context and has indeed made clear that a plaintiff seeking injunctive relief under the TCPA must establish both a likelihood of future harm and the inadequacy of a remedy at law. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (reviewing denial of injunction under the TCPA and holding that "[b]ecause [the plaintiff] established neither a likelihood of future harm nor the inadequacy of his remedy at law, he was not entitled to an injunction.").

Further, district court judges apply *eBay*'s test to TCPA plaintiffs' injunctive relief claims because, since the TCPA "proposes no prerequisites for injunctive relief, … [a plaintiff] must establish standing for [its] claim for an injunction by showing that [it] is likely to suffer future injury." *Perrong v. Liberty Power Corp., L.L.C.*, 411 F. Supp. 3d 258, 270 (D. Del. Sept. 30, 2019); *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 2021 WL 323262, at *6–7 (S.D. N.Y. Feb. 1, 2021) (citing *Perrong* and "enter[ing] judgment denying [Plaintiff's] request for injunctive relief" on its TCPA claim because it "faile[d] to establish a genuine dispute regarding the risk of future harm, and fail[ed] to allege an inadequate remedy at law").

And while *Perrong* and *Bais Yaakov* are the only decisions specifically citing *eBay* in this context, these decisions are consistent with a broad swath of authority from around the country. *See, e.g., Berger Chiropractic LLC v. Hilltop C&I, Inc.*, 2016 WL 6650702, at *1 (E.D. Mo. Nov. 10, 2016) (citing *Lary* and denying plaintiff's request for injunctive relief under the TCPA because Plaintiff had not "shown a likelihood of future harm"); *Wijesinha v. S. Fla. MGS, LLC*, 387 F. Supp. 3d 1412 (S.D. Fla. 2019) (dismissing claim for declaratory relief under the TCPA where the complaint contained "no allegations of continuing violations" and "no allegations of likely future

violations."); *Internal Med. Rural Health Clinic of New Albany, P.A. v. The Langmas Grp., Inc.*, 2019 WL 1905165, at *1 (N.D. Miss. Apr. 26, 2019) (citing *Lyons* and finding that plaintiff was not entitled to an injunction under the TCPA because "Plaintiff's allegations establish neither a likelihood of future harm nor the inadequacy of its remedy at law"); *Blake Tishman, P.A. v. Baptist Health S. Fla.*, 2019 WL 3890506, at *6 (S.D. Fla. June 10, 2019) (citing *Lary* and observing that the "Plaintiff also seeks injunctive relief as to the TCPA claim but there appears to be no dispute that the Defendants no longer send the subject faxes, nor any advertising by fax, and thus the Plaintiff may not be able to establish a likelihood of future harm or the inadequacy of a remedy at law.").[4]

Brownlee has failed to sufficiently allege that she is likely to suffer future injury. The verbs that Brownlee uses throughout her Complaint uniformly refer to conduct that has occurred in the past, using the past and pluperfect tenses, for example:

- ¶ 3: "Allstate's telemarketing vendors, acting on Allstate's behalf and for its benefit, *called* persons repeatedly within the same 12-month period who had registered their phone numbers on the National DNC Registry."

- ¶ 4: "…Defendant and its agents *caused* Plaintiff and the members of the Class actual harm…"

- ¶ 5: "Defendant and its telemarketing vendors *made* the calls…"

- ¶ 15: "Allstate, through its agents, *violated* the TCPA by making repeated unsolicited telemarketing calls…"

---

[4] Other cases in accord include *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *4 (C.D. Cal. Dec. 27, 2016); *Hamilton v. Voxeo Corp.*, 2009 WL 1868541 (S.D. Ohio June 25, 2009); *Drew v. Lexington Consumer Advocacy, LLC*, 2016 WL 1559717 (N.D. Cal. Apr. 18, 2016); *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, 2019 WL 2567971 (M.D. Fla. June 21, 2019); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237 (S.D. Fla. 2019); *but see, e.g., Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964 (N.D. Cal. 2019) and *Lynn v. Monarch Recovery Mgmt., Inc.*, 2013 WL 1247815 (D. Md. Mar. 25, 2013). These contrary cases make the mistake of not evaluating the *eBay* factors.

13

- ¶ 17: "All calls *were made* on behalf of, and for the benefit of, Allstate. Allstate *received* the benefits of the calls and *ratified* the calls…"

- ¶ 28: "These calls *were* annoying and harassing and *invaded* Plaintiff's privacy."

- ¶ 44: "Allstate and its telemarketers *violated* 47 C.F.R. § 64.1200(c)…"

- ¶ 46: "Defendant… *violated* 47 C.F.R. § 64.1200(d)…"

- ¶ 47: "…Plaintiff and the DNC Registry Class members *suffered* actual harm…"[5]

Finally, any effort that Brownlee may make to bolster her injunctive and declaratory claims by relying on alleged future claims of putative members of her purported class fails as a matter of law. Prospective calls that may be made to members of an uncertified class are irrelevant at the motion to dismiss stage, which only looks at Brownlee's own claim. This is because "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 721 (N.D. Ill. 2020) (Dow, J.) (quoting *T.S. v. Twentieth Century Fox Television*, 334 F.R.D. 518, 533 (N.D. Ill. 2020) (Pallmeyer, J.)) (dismissing plaintiff's putative class action for failure to state a claim); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013) (Dow, J.) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976)).

And to be clear, the class suffers no real detriment by getting rid of the injunctive and declaratory claims. Judges in this circuit routinely decline to certify injunctive or declaratory relief

---

[5] All emphasis in the bullet point excerpts from the Complaint is supplied.

classes in TCPA cases, as those claims are generally considered to be incidental to the big ticket money damages commonly sought in TCPA cases. *See, e.g., Wolfkiel*, 303 F.R.D. at 293; *Cholly v. Uptain Grp., Inc.*, 2015 WL 9315557, at *3 (N.D. Ill. Dec. 22, 2015) (Gettleman, J.); *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 516.

Because Brownlee failed to adequately plead that she will suffer irreparable harm, a likely future injury, or an injury that cannot be redressed by an award of monetary damages under the TCPA, the Court should dismiss Brownlee's declaratory and injunctive claims.

### CONCLUSION

For the reasons set forth herein, the Court should dismiss Brownlee's Complaint and, as applicable, pursuant to Fed. R. Civ. P. 58(a) enter judgment in favor Allstate and against Brownlee which provides that Brownlee shall take nothing and that Allstate may go hence without day.

Dated: May 24, 2021

Aaron S. Weiss
Email: aweiss@carltonfields.com
Carlton Fields. P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33131
Telephone: 305-530-0050

Christopher W. Carmichael
Email: ccarmichael@henderson-parks.com
Henderson Parks
140 South Dearborn Street, Ste. 1020
Chicago, Illinois 60603
Telephone: 312-262-2905

*Counsel for Defendant Allstate Insurance Company*