**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No.: 1:21-cv-01428**

RITA BROWNLEE,

 *Plaintiff*,

v.

ALLSTATE INSURANCE COMPANY,

 *Defendant*.

_____/

**NEW CASE JOINT STATUS REPORT**

  The parties, Plaintiff Rita Brownlee and Defendant Allstate Insurance Company, hereby file their joint status report in accordance with the Court's April 16, 2021 Order. (ECF No. 11).

 **1. The Nature of the Case:**

   a. Identify of the attorneys of record for each party, including the lead trial attorney.

*For Plaintiff:*
Steven L. Woodrow (Lead Trial Attorney)
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: 720-213-0675

*For Defendant*
Aaron S. Weiss (Lead Trial Attorney)
aweiss@carltonfields.com
Carlton Fields. P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33131
Telephone: 305-530-0050

Christopher W. Carmichael
ccarmichael@henderson-parks.com
Henderson Parks
140 South Dearborn Street, Ste. 1020
Chicago, Illinois 60603
Telephone: 312-262-2905

   b. Describe the nature of the claims asserted in the complaint and any counterclaims.

    i. Plaintiff asserts a putative class action based on a single-count cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"). (ECF No. 1). Plaintiff seeks to represent a class of similarly situated individuals.

1

126147253.1

c. Briefly state the major legal and factual issues in the case.

*The major legal issues in the case are*:

    i.    Whether the Court lacks subject matter jurisdiction over most of Plaintiff's claims based on the U.S. Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (July 6, 2020).

    ii.    Whether Plaintiff has adequately stated a claim under the TCPA for at least certain of the calls at issue; specifically, (1) whether Plaintiff has sufficiently alleged that Defendant made the May 27, 2020 and July 25, 2020 calls identified in the Complaint and (2) whether Plaintiff's allegations are facially sufficient to identify a claim for any violation of the internal Do-Not-Call regulations.

    iii.    Whether Plaintiff is entitled to declaratory or injunctive relief.

    iv.    Whether a class should be certified.

    v.    Whether Defendant has violated the TCPA and its implementing regulations.

*The major factual issues in the case are*:

    i.    Whether Plaintiff (and any of the class members) placed their cellular telephone numbers on the National Do-Not-Call Registry, and if so, when.

    ii.    Whether Plaintiff's cellular telephone number at issue in this case, and the cellular telephone numbers of any of the class members, are or were used for business purposes.

    iii.    Whether Defendant or its agent(s) ever placed any phone calls to Plaintiff's cellular telephone number, or to the cellular telephone numbers of any class members, after they was placed on the National Do-Not-Call Registry.

    iv.    Whether Defendant had an internal Do-Not-Call list in place and honored Do-Not-Call requests.

    v.    Whether Plaintiff gave Defendant consent to place any of the six phone calls alleged in the Complaint.

    vi.    Whether the called party, as that term is defined in *Soppet v. Enhanced Recovery Company, LLC*, 679 F. 3d 637 (7th Cir. 2012), for any of the calls at issue in this case (including calls to members of the putative class other than Plaintiff) suffered an Article III injury, as that term is understood by the Seventh Circuit Court of Appeals in TCPA cases. *See Gadelhak v. AT&T Services, Inc.*, 950 F. 3d 458 (7th Cir. 2020).

126147253.1

      vii. The number of individuals, if any, that fall within Plaintiff's alleged class definition.

      viii. Whether Defendant or its agent(s) have failed to honor stop requests.

      ix. Whether Defendant or its agent(s) placed calls to Plaintiff and members of the alleged class more than 30 days after they made stop requests.

  d. Describe the relief sought by the plaintiff.

  For relief, Plaintiff seeks:

      i. an order certifying the Class defined by Plaintiff's Complaint, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

      ii. sum of $500.00 for each violation;

      iii. treble damages in case willful or knowing violations are proven;

      iv. an order declaring that Defendant's actions, and the actions of its agents violate the TCPA;

      v. an injunction requiring Defendant to cease all unsolicited calling activities to persons on the National Do-Not-Call Registry who have requested Stop, and otherwise protecting the interests of the Class;

      vi. an award of reasonable attorneys' fees and costs; and

      vii. an award of pre- and post-judgment interest.

  e. Describe the general status of the case.

      i. This case is currently in the pleadings stage, with Defendant's motion to dismiss pending.

**2. Pending Motions:**

  a. Identify all pending motions.

      i. Defendant's Motion to Dismiss (ECF No. 16), filed on May 24, 2021.

  b. Indicate any previously set deadlines.

3

126147253.1

       i. Pursuant to ECF No. 18, Plaintiff's filed her response to Defendant's Motion to Dismiss on June 25, 2021, and Defendant's reply is due by July 9, 2021.

       ii. The Court has scheduled a status conference for July 13, 2021 at 9:30 a.m.

3. **Proposed Discovery Schedule:**

    a. Describe the general type of discovery required.

       i. Production of documents and electronically stored information;

       ii. Written discovery responses to requests for admission, requests for production, and interrogatories; and

       iii. Depositions of the parties, expert witnesses, and, potentially, class members.

    b. If the case is part of the Mandatory Initial Discovery Project (MIDP), the parties will receive separate notice of MIDP procedures to be followed. N/A.

    c. Provide a proposed schedule, including dates, for all discovery.

| Action or Event | Date |
|---|---|
| The parties shall exchange expert witness summaries or reports with respect to any issues relating to class certification. | 5/6/2022 |
| The parties shall exchange rebuttal expert witness summaries or reports with respect to any issues relating to class certification. | 5/27/2022 |
| The parties must have made their class certification stage expert witnesses available for deposition by this date. | 6/10/2022 |
| Deadline for completing fact and expert discovery and filing any motion to compel discovery. | 7/1/2022 |

4. **Trial:**
    a. Indicate whether a jury trial is requested.

       i. Plaintiff included a jury demand in her Complaint.

    b. The probable length of trial.

       i. The probable length of trial in this matter is ten to fifteen days.

4

5. **Status of Settlement Discussions:**

   a. Indicate the status of any settlement discussions.

   i. The parties have not yet engaged in settlement discussions as Defendant is still conducting an initial investigation of the Plaintiff's individual and putative class claims. The parties will engage in good faith settlement discussions as appropriate.

   b. Whether the parties request a settlement conference.

   i. The parties are open to a settlement conference if the Court recommends one, however, they do not request one at this time.

   c. Whether the parties are interest in pursuing arbitration or mediation.

   i. The parties anticipate that they will conduct mediation at the appropriate time.

6. **Consent to Proceed Before the Magistrate Judge:**

   a. The parties are reminded that they may consent to proceed before a Magistrate Judge for all purposes pursuant to Federal Rule of Civil Procedure 73.

   i. The parties do not consent to proceed before a Magistrate Judge at this time.

**Dated: July 7, 2021**

s/ *Patrick H. Peluso*
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: 720-213-0675

*Counsel for Plaintiff*

s/*Aaron S. Weiss*
Aaron S. Weiss
aweiss@carltonfields.com
Carlton Fields. P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33131
Telephone: 305-530-0050

Christopher W. Carmichael
ccarmichael@henderson-parks.com
Henderson Parks
140 South Dearborn Street, Ste. 1020
Chicago, Illinois 60603
Telephone: 312-262-2905

*Counsel for Defendant*

126147253.1