UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RITA BROWNLEE,

    *Plaintiff*,

v.                                          Case No. 1:21-cv-01428

ALLSTATE INSURANCE COMPANY,

    *Defendant*.

_____/

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Allstate submits this reply in support of its Motion to Dismiss (the "Motion") [ECF No. 16] and in response to Plaintiff Brownlee's Response in Opposition to Allstate's Motion (the "Response") [ECF No. 19].

**THE COURT SHOULD ADOPT THE COMMON SENSE INTERPRETATION
OF THE IMPACT OF *BARR V. AM. ASS'N OF POLITICAL CONSULTANTS***

Brownlee takes issue with Allstate's argument that the TCPA was unconstitutional, writ large, from the period between November 2, 2015 and July 6, 2020. Between their respective briefs, the parties covered the waterfront with respect to different (and irreconcilable) lines of decision on that point. From a legal argument perspective, not much more can be said.

Allstate acknowledges the clear split of authority on this issue but submits that the Court should decline to adopt Brownlee's argument, that essentially posits that a business can be sued for having violated a particular law even though the Supreme Court has held the very law was unconstitutional when the alleged violations occurred. Rather, the Court should instead follow those other district courts that have applied the more common-sense and bright-line based reasoning in finding that a party cannot be held liable for violating a statute that was unconstitutional at the time of the alleged violation**.**

1

## THE COURT SHOULD DECLINE BROWNLEE'S
## INVITATION TO READ IN ALLEGATIONS MISSING FROM THE COMPLAINT

Allstate argues that Brownlee failed to state a cause of action as to three of the six alleged calls because she did not allege that Allstate was responsible for making those calls. *See* ECF No. 16 at pp. 4-7. While Brownlee specifically alleges that Allstate called her on June 15, 2020, June 18, 2020, and June 22, 2020, she does not state who made the other three calls. Brownlee thus fails to state a cause of action as to those three calls. Additionally, she lacks standing on traceability grounds as to these calls, because as the Supreme Court recently reaffirmed, "plaintiffs must demonstrate standing for each claim that they press," *TransUnion LLC v. Ramirez*, --- S. Ct. ----, 2021 WL 2599472, at *10 (2021).

In her Response, Brownlee goes far beyond the four corners of the Complaint and asks the Court to draw inferences based on allegations that are not contained in her pleading. In her Response, she indicates that the calls "came from nearly identical numbers," which she posits is "suggestive of call spoofing," and then asks the Court to infer a "calling pattern" and attribute all six calls to Allstate. ECF No. 19 at pp. 8-9.

The problem is that her Complaint itself does not allege a "calling pattern," does not allege "call spoofing," and does not specifically allege that the calls "came from nearly identical numbers." This is just a legal argument advanced by Brownlee to remedy a pleading defect. Brownlee couches her argument in terms of asking the Court to draw "reasonable inferences" in her favor, but she is really asking the Court to insert new allegations into the Complaint.

And while a court may draw reasonable inferences in a plaintiff's favor at the motion dismiss stage, "the court need not 'strain to find inferences favorable to the plaintiffs' which are not apparent on the face of the complaint." *Mandelstein v. Rukin*, 2019 WL 3857886, at *4 (N.D. Ill. Aug. 16, 2019) (citing *Coates v. Illinois St. Bd. of Educ.*, 559 F. 2d 445, 447 (7th Cir. 1977).

Similarly, the court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Nelson v. Monroe Regional Medical Ctr.*, 925 F. 2d 1555, 1559 (7th Cir. 1991). Brownlee plainly failed to sufficiently allege facts to state a cause of action against Allstate as to the two May 27, 2020 calls and the July 25, 2020 call. The Court should reject Brownlee's invitation to read new language into the Complaint, and dismiss the Complaint as to those calls.

### BROWNLEE FAILED TO RESPOND TO ALLSTATE'S INTERNAL DO-NOT-CALL ARGUMENT AND THEREFORE FORFEITED ANY ARGUMENT ON THAT ISSUE

In its Motion, Allstate argued that Brownlee failed to state a cause of action for violations of 47 C.F.R. § 64.1200(d)(3) (the TCPA internal do-not-call regulation). ECF No. 16 at pp. 7-9. Brownlee did not respond to Allstate's argument on this issue, and neither distinguished Allstate's case law nor refuted Allstate's contention that she failed to state a cause of action.

Brownlee therefore forfeited her argument on this issue. "A plaintiff's failure to respond to an argument raised in a motion to dismiss forfeits any argument on that issue." *McNeal v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 6804585, at *1 (N.D. Ill. Nov. 17, 2016) (finding that a plaintiff failed to meet her burden to establish standing against defendant and forfeited any argument that she had standing because she "offer[ed] no response and fail[ed] to acknowledge" the defendant's argument that she lacked standing); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss.").

Even reading the Complaint in the light most favorable to Brownlee, her forfeiture with respect to this specific issue eliminates five of the six alleged calls. The first call on May 27, 2020, i.e., the initial alleged "stop" request, is not actionable under the internal DNC regulations. And the next four calls occurred on May 27, 2020, June 15, 2020, June 18, 2020, and June 22, 2020— all

within 30 days of the initial call, i.e., all within the safe harbor period provided by 47 C.F.R. § 64.1200(d)(3). As noted in the Motion, the remaining July 25, 2020 call is not attributed to Allstate.[1]

| *DATE OF ALLEGED CALL* | *WITHIN 30 DAYS OF BROWNLEE'S ALLEGED FIRST "STOP CALLING" REQUEST?* |
|---|---|
| May 27, 2020 | N/A (First Call) |
| May 27, 2020 | ✓ |
| June 15, 2020 | ✓ |
| June 18, 2020 | ✓ |
| June 22, 2020 | ✓ |
| July 25, 2020 | |

Brownlee's class definition acknowledges that calls placed within the 30 day safe-harbor period are not actionable, defining the class as being limited to individuals "called at least thirty (30) days following the person's Stop request." ECF No. 1 at ¶31. Brownlee has thus failed to state a cause of action as to those calls alleged to have been made within 30 days of her alleged May 27, 2020 stop request.

### BROWNLEE IS NOT ENTITLED TO INJUNCTIVE AND DECLARATORY RELIEF UNDER EITHER THE ILLINOIS STANDARD OR THE FEDERAL STANDARD

Brownlee's rebuttal to Allstate's argument regarding injunctive and declaratory relief fails. Allstate's Motion explains how a plaintiff must satisfy the traditional injunctive factors under either Illinois or federal law. *See* ECF No. 16 at pp. 9–15. Brownlee provides no legal response to Allstate's argument that the Illinois standard should provide the rule of this decision and pursuant to the case law previously cited, she has forfeited her argument as to that issue. *See, e.g.*, *McNeal*, and *Firestone Fin. Corp. supra.*

---

[1] Allstate notes that if the Court agrees with Allstate regarding the impact of *Barr*, the July 25, 2020 call would be the only remaining call, and would not be actionable standing alone under the do-not-call provisions of the TCPA, as they require more than one call.

4

As Allstate explained, the Illinois law standard unambiguously establishes that injunctive relief is not available where the movant's loss is compensable by money damages—as here, where the TCPA expressly provides for a minimum of $500 in damages per violation. If the Court agrees that the Illinois standard controls, no further inquiry is needed as Brownlee has forfeited argument on this issue and has not established that her purported harm cannot be compensated by monetary award.

That leaves the federal standard. Brownlee provides no legal response to Allstate's argument that the four-part test laid out by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) applies to her claims. As a result, Brownlee has forfeited argument on that issue. *See, e.g.*, *McNeal* and *Firestone Fin. Corp., supra.* As Allstate explained, the Seventh Circuit applies the *eBay* test to establish that injunctive relief is not available where the movant's loss is compensable by money damages. So if the Court agrees that the *eBay* test controls, no further inquiry is needed here.

Meanwhile, Brownlee admits that she must allege that she is likely to suffer future injury and then offers her only substantive response to Allstate's argument: that "[t]he repeated nature of Allstate's calls, along with the failure to honor [Brownlee's] stop requests, creates a substantial likelihood of future injury to Brownlee and the Class members, even if Defendant has voluntarily ceased placing calls to [Brownlee]." See ECF No. 19 at pp. 10. However, the alleged injuries to other members of the putative class is irrelevant at the motion to dismiss stage. Brownlee must allege that *she* personally has been injured, not that prospective class members have been injured or have a substantial future likelihood of suffering an injury. Brownlee may not rely on any future calls other unidentified class members may possibly receive. *See Terkel v. AT&T Corp.,* 441 F. Supp. 2d 899, 920 (N.D. Ill. 2006) (dismissing putative class action seeking only injunctive relief upon a finding that "[t]he named plaintiffs' inability to establish standing on their claims for prospective relief is

5

fatal to their claims as representatives of a putative class. It is clear that the named plaintiffs in a class action must establish standing individually to serve as class representatives."). Binding case law in this Circuit confirms that "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Foster v. Center Township of La Porte County*, 798 F.2d 237, 245 (7th Cir. 1986).

Brownlee's attempt to salvage her injunctive claims based on alleged future harm to putative class members is thus irrelevant and fails as a matter of law because "[w]hen a lawsuit is a putative class action, any named plaintiff 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Tucker v. City of Chicago*, 2017 WL 2215020, at *2 (N.D. Ill. May 19, 2017) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)); *Pirelli Armstrong Tire Corp., Retiree Med. Benefits Tr. v. Walgreen Co.*, 2010 WL 624709, at *6 (N.D. Ill. Feb. 18, 2010) (same analysis and conclusion).

Turning back to Brownlee herself, on June 25, 2021—the day Brownlee filed her Response—the Supreme Court reinforced the principle that "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 2021 WL 2599472, at *10. Here, Brownlee has failed to allege a substantial likelihood of future injury to herself. In fact, she concedes that "the calls made to [Brownlee] herself happened in the past" and that she has "not allege[d] receipt any additional calls during the pendency of this matter." *See* ECF No. 19 at pp. 11.

Moreover, the final call that Brownlee allegedly received from Allstate occurred on July 25, 2020—almost a year before Brownlee filed her response to Allstate's Motion. At this point,

Brownlee's individual claim for prospective injunctive relief is merely conjectural and hypothetical, not both real and immediate. *See* ECF No. 16 at pp. 10 (citing *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1064 (7th Cir. 2020)).

Finally, Brownlee concedes that "[m]oney damages may be adequate to compensate [her] . . . for calls that have already been made[]." ECF No. 19 at pp. 12. As established above, injunctive relief is not available here since Brownlee's alleged loss is compensable by money damages and she would be able to sue again for money damages for any future violations. *Worsham v. TSS Consulting Grp., LLC*, 2019 WL 7482221, at *4 (M.D. Fla. Sept. 18, 2019) (denying injunctive relief in a TCPA case and noting that, as for the "alleged injury—continued calls—[the plaintiff] has failed to demonstrate why that injury could not redressed by money damages. Congress, by passing the TCPA, has already explicitly provided a monetary remedy to address the harm.").

And on that point, Brownlee has failed to allege that Allstate is judgment proof. *See In re First Farmers Fin. Litig.*, 2017 WL 3478813, at *10 (N.D. Ill. Aug. 14, 2017) ("[B]ecause the [Plaintiff] has only demonstrated a speculative risk that Defendants will dissipate their assets and become judgment proof, he has failed to show that there is no adequate remedy at law. Accordingly, the Court denies the [Plaintiff's] requested injunctive relief."); *Funai Elec. Co. v. Daewoo Elecs. Am., Inc.*, 2010 WL 4340245, at *4 (N.D. Ill. Oct. 22, 2010) (concluding that the plaintiff's allegations of irreparable harm were speculative and that it failed to "present a sufficient basis for concluding that the defendant will be unable to satisfy a judgment or is fraudulently transferring funds").

Furthermore, "*eBay* jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011); *Salinger v. Colting*, 607 F.3d 68, 76–78 (2d Cir. 2010) (holding

that *eBay* abrogated the presumption of irreparable harm); *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 2021 WL 323262, at *6 (S.D.N.Y. Feb. 1, 2021) (granting Fed. R. Civ. P. 12(c) motion against injunctive relief and noting that the "Plaintiff argues that [the *ebay*] test does not apply, because it 'is not required to show irreparable harm to be entitled to an injunction under the TCPA.' … The Court disagrees," and further stating that "this is consistent with the general rule…that 'injunctive relief does not follow automatically upon a finding of statutory violations,'" and finding that it is, instead, 'guided by traditional equitable principles.'") (quoting *Town of Huntington v. Marsh*, 859 F.2d 1134, 1143 (2d Cir. 1988)).

Brownlee has no standing to seek declaratory and injunctive relief and the Court should dismiss those claims.

## CONCLUSION

For the reasons stated in Allstate's Motion to Dismiss [ECF No. 16] and reiterated herein, the Court should grant Allstate's Motion and dismiss Brownlee's Complaint.

Dated: July 8, 2021

Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Carlton Fields. P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33131
Telephone: 305-530-0050

Christopher W. Carmichael
Email: ccarmichael@henderson-parks.com
Henderson Parks
140 South Dearborn Street, Ste. 1020
Chicago, Illinois 60603
Telephone: 312-262-2905

*Counsel for Defendant*

8