UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA BROWNLEE, individually and on behalf of all similarly situated individuals, ) ) ) | |
| ) | Case No. 21-cv-1428 |
| Plaintiff, ) ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) ) | |
| ALLSTATE INSURANCE COMPANY, ) ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case arises out of defendant Allstate's alleged violations of the Telephone Consumer Protection Act ("TCPA") by repeatedly calling plaintiff to sell her car insurance. Plaintiff purports to represent a class of plaintiffs that defendant has called to sell insurance. Before the Court is defendant's motion to dismiss [16]. For the reasons set forth below, the motion is granted without prejudice.

**I. Background**

The following facts are taken from plaintiff's complaint, as the Court must for purposes of a motion to dismiss. Plaintiff registered her cellphone number on the National Do Not Call registry on May 23, 2008. Despite being on the registry, plaintiff began receiving calls in May 2020 from salespeople attempting to sell her car insurance. During the first call on May 27, 2020, plaintiff told the salesperson to stop calling. She received another call that same day from another car insurance salesperson and she again told them to stop calling. On June 15, 2020, plaintiff received another car insurance sales call from a salesperson who identified themselves as an Allstate representative. Plaintiff told them to stop calling. After that, plaintiff received two other calls on behalf of defendant; one on June 18, 2020 in which the salesperson identified themselves as calling from

1

Allstate and another on June 22, 2020 in which the salesperson gave plaintiff an Allstate email address to contact. Plaintiff also claims that she received a sales call from a car insurance salesperson on July 25, 2020, but she did not specify what company the salesperson was calling on behalf of. Plaintiff brings this suit against defendant for violating the TCPA with these calls. Defendant moves to dismiss for failure to state a claim and under *Barr v. Am. Ass'n of Political Consultants*, 140 S.Ct. 2235, 207 L. Ed. 2d 784 (2020).

    **II.**    **Analysis**

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Formulaic" recitations of the elements of a cause of action are insufficient. *Id.* at 555.

The Court first addresses defendant's argument that plaintiff has not sufficiently alleged a TCPA claim because she does not name defendant for three of the six calls. Plaintiff claims that the similarity of the numbers that called her and the fact that each caller tried to sell her car insurance could lead the Court to reasonably infer that defendant was responsible for each call. The Court disagrees. Defendant is not the sole seller of car insurance. Numerous other companies sell car insurance. Further, spoofing is not unique; it is entirely possible that another car insurance company similarly engaged in spoofing to contact the plaintiff. Plaintiff's complaint does not allow the Court to reasonably infer that defendant is liable for each call. At the very minimum, plaintiff must allege

in her complaint that defendant made each call that she seeks to hold it liable for. This defect can be easily remedied. It is also not clear whether Brownlee is suing under the internal do-not-call list or the national Do Not Call registry, or both. Because plaintiff has failed to sufficiently allege a TCPA claim, the Court dismisses the complaint without prejudice. Plaintiff should specify in her amended complaint which sections of the TCPA she is suing under (with separate counts for each section, rather than as one whole TCPA claim) and precisely which calls are violations for each of those sections.

Since the Court dismisses the complaint without prejudice based on failure to allege, it does not address defendant's remaining arguments. Defendant may move to dismiss plaintiff's amended complaint within 28 days after it is filed.

### III. Conclusion

The Court grants defendant's motion to dismiss [16] without prejudice. Plaintiff has 21 days to file an amended complaint. **IT IS SO ORDERED.**

Date: September 22, 2021                    Entered: _____
                                            SHARON JOHNSON COLEMAN
                                            United States District Court Judge

3